# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| HIGHLAND LAKES TITLE, LTD., § <br> d/b/a HIGHLAND LATES TITLE, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> CHRISTY WOOTEN and CAPITAL § <br> TITLE OF TEXAS, § <br> *Defendants* § | Case No. 1:19-CV-974-RP-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before this Court are Plaintiff Highland Lakes Title, Ltd., d/b/a Highland Lakes Title's ("HLT") Motion to Dismiss, filed on October 11, 2019 (Dkt. 4); Christy Wooten and Capital Title of Texas, LLC's ("Capital Title") (collectively, "Defendants") Motion to Remand filed on October 29, 2019 (Dkt. 6); and the associated response and reply briefs.

On December 12, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 12.

## I.    BACKGROUND

HLT is a Texas title insurance company. HLT alleges that on June 1, 2018, Wooten quit her job with HLT and began working for Capital Title, taking HLT employees, customers, and proprietary information with her. Dkt. 1-4. On September 4, 2019, HLT filed this action against Wooten and Capital Title in the 424th District Court in Llano County, Texas, asserting nine causes

of action: (1) breach of contract, (2) breach of fiduciary duty, (3) violations of the Texas Theft Liability Act ("TTLA claims"), (4) trade secret misappropriation under the Texas Uniform Trade Secrets Ac, (5) violations of the Texas Harmful Access by Computer Act ("THACA claims"), (6) tortious interference with existing contract, (7) conspiracy, (8) aiding and abetting, and (9) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4) ("CFAA claims"). Dkt. 1-2. HLT amended its complaint once in state court, maintaining the same claims. Dkt. 1-4.

Defendants removed to federal court based on HLT's sole federal claim under the Computer Fraud and Abuse Act. Dkt. 1. Defendants filed a Motion to Dismiss six of HLT's claims: breach of contract, breach of fiduciary duty, the TTLA claims, the THACA claims, tortious interference, and aiding and abetting. Dkt. 4. HLT then filed a Second Amended Complaint that removes its sole federal claim and filed a Motion to Remand. Dkts. 5, 6. The Court will address the Motion to Remand first because it concerns this Court's subject matter jurisdiction.

## II. THE MOTION TO REMAND

### A. Legal Standard

A defendant may remove any civil action from state court to a United States district court that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, and supplemental jurisdiction over all other claims so related that they form part of the same case or controversy. *Id.* §§ 1331; 1367. Removal raises "significant federalism concerns" because "the effect of removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (quotation omitted). The removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* The removing party "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B. Discussion**

HLT argues that remand is proper because the Second Amended Complaint removes the sole federal claim that served as the basis for federal jurisdiction, i.e., the CFAA Claims. Dkt. 6 at 1. Defendants counter that the Second Amended Complaint was not filed in accordance with Rule 15 of the Federal Rules of Civil Procedure, and even if it was validly filed, this Court should exercise supplemental jurisdiction over the eight remaining state law claims. Dkt. 8 at 3-9 (citing FED. R. CIV. P. 15(a)). In reply, HLT maintains that the Second Amended Complaint was properly filed, and alternatively moves for leave to file the complaint as docketed. Dkt. 9 at 5.

The motion to remand thus presents two questions: whether the Second Amended Complaint governs this dispute, and if so, whether this Court will exercise supplemental jurisdiction over the remaining state law claims.

**1. Whether the Second Amended Complaint Governs**

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course" within 21 days after service or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier, and afterwards "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2). The parties dispute whether HLT's prior amendment in state court precludes HLT from filing an amended complaint "as a matter of course" under Rule 15 now that the parties are in federal court. Dkt. 8 at 3; Dkt. 9 at 1-2. Although HLT subsequently requested leave to amend, Dkt. 9 at 5, Defendants also oppose that request, arguing that HLT's proposed amendment would "manipulate jurisdiction" by removing its sole federal claim. Dkt. 8 at 2. Given that HLT has sought to amend by at least one permissible route under Rule 15, the Court addresses that request before considering whether HLT otherwise would be entitled to amend as a matter of course.

3

### a. Legal Standard for Leave to Amend a Complaint

"The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A court may consider forum manipulation under the "bad faith" prong of Rule 15. *Marshall v. MarOpCo, Inc.*, 223 F. Supp. 3d 562, 568 (N.D. Tex. 2017) (citing *Bouie v. Equistar Chemicals LP*, 188 Fed. Appx. 233, 238-39 (5th Cir. 2006)).

The Fifth Circuit has held that a motion to amend a complaint to remove the federal claims "is not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 160 (5th Cir. 2011) (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping"); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999) (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation); *cf. Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (finding that plaintiff attempted improper forum manipulation where he sought to remove his federal claim after the federal court had already presided over a year of discovery, "was intimately familiar with the facts," and "a remand thus would have resulted in a waste of scarce judicial resources")).

Removing federal claims is not necessarily forum manipulation because it does not automatically divest a federal court of jurisdiction. "A plaintiff may not defeat a federal court's jurisdiction over a properly removed case merely by amending the complaint to omit the federal-law claims." *Oliver v. Lewis*, 891 F. Supp. 2d 839, 843 (S.D. Tex. 2012) (citing *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). Whether to retain supplemental jurisdiction after such an amendment is a separate question. *Id.*

### b. HLT's Request for Leave to File the Second Amended Complaint

Here, HLT filed a Second Amended Complaint that eliminates its sole federal claim on the same day that HLT filed its Motion to Remand. Dkts. 5, 6. Even if this constitutes forum manipulation, it is not a particularly egregious form. *Enochs*, 641 F.3d at 160. The parties raise no other substantial reason to deny leave. Other factors here weigh in favor of granting leave to amend. *See, e.g.*, *Marshall*, 223 F. Supp. 3d at 570 (granting motion for leave to amend based on findings that amendment removing the federal claims in apparent effort to return to state court was not "so egregious as to tilt the balance toward denial," defendants would not be prejudiced or face undue delay, and weighing those factors "in conjunction with the Fifth Circuit's liberal amendment policy"). Defendants will not be prejudiced or face undue delay because the amendment reduces the number of claims against Defendants and this action was filed relatively recently, on September 3, 2019. Weighing all of these factors together with Rule 15's "bias in favor of granting leave to amend," *see Lyn–Lea Travel Corp.*, 283 F.3d at 286; *Mayeaux*, 376 F.3d at 425, the Court finds that leave to amend should be granted. Accordingly, the Court recommends that the District Court grant HLT's Motion for Leave to File a Second Amended Complaint.

## 2. Federal Jurisdiction Over the Remaining State Law Claims

The law is clear that a plaintiff cannot "replead to divest the federal court of jurisdiction and therefore require remand to state court." *16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) ("[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.") (citations omitted); *Hook*, 38 F.3d at 780 ("[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction.").

A federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain. *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). "If a postremoval pleading amendment eliminates the only federal claim and leaves only state-law claims, a court must determine whether to remand those claims under 28 U.S.C. § 1367(c)." *Oliver*, 891 F. Supp. 2d at 843 (S.D. Tex. 2012); *see also Enochs,* 641 F.3d at 159, 162 (finding that district court erred when it failed to remand after allowing plaintiff to remove his sole federal claim and "the balance of the statutory and common law factors weigh[ed] heavily in favor of remand"). "The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." *Oliver*, 891 F. Supp. 2d at 848 (remanding remaining state law claims after granting leave to amend and remove federal claims) (quoting *Enochs,* 641 F.3d at 163).

Under the statutory factors, district courts may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court

has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "When the federal claims are dismissed before trial and only a state law claim remains, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and remand the case to state court." *Marshall*, 223 F. Supp. 3d at 570-71 (remanding remaining state claims after granting leave to amend the complaint to remove federal claims); *see also Enochs*, 641 F.3d at 162 (finding that the balance of factors weighed heavily in favor of remand when the case "became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen").

In this case, the statutory factors weigh in favor of declining to exercise supplemental jurisdiction over the remaining state law claims. Under the first factor, there is no indication that the claim raises a novel or complex issue of state law. Under the second and third factors, the district court dismissed the only claim over which it had original jurisdiction, and only the state claims remain. Finally, the parties have not raised any exceptional circumstances that might compel the court to decline or retain jurisdiction. Because the Court finds that the balance of factors weigh in favor of declining supplemental jurisdiction over the remaining state law claims, the undersigned recommends that the District Court grant the motion to remand.

### III. THE MOTION TO DISMISS

Because the Court recommends granting HLT's Motion to Remand, the Court recommends that the District Court dismiss Defendants' Motion to Dismiss (Dkt. 4) as moot.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court:

(1) **GRANT** HLT's Motion for Leave to File a Second Amended Complaint (Dkt. 9 at 5);[1]

(2) **GRANT** HLT's Motion for Remand (Dkt. 6);

(3) **DISMISS AS MOOT** Defendants' Motion to Dismiss (Dkt. 4); and

(4) **REMAND** this action to the 424th District Court in Llano County, Texas.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 27, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court recommends granting HLT's request for leave to amend, it need not reach the question whether HLT's state court amendment would have precluded HLT from filing an amended complaint as a matter of course under Rule 15.